UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUC TIEN CHU,<br>Petitioner,<br>v.<br>TODD BLANCHE, et al.,<br>Respondents. | No. 1:26-cv-07460-DAD-CSK<br><br><u>ORDER GRANTING PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT</u><br><br>(Doc. Nos. 1, 7) |

On September 14, 2026, petitioner filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) On September 23, 2026, petitioner filed a motion for temporary restraining order requesting his immediate release. (Doc. No. 7.) In support of his *habeas* petition, petitioner alleges the following.

Petitioner entered the United States on November 27, 2022, and was apprehended the following day. (Doc. No. 1 at ¶14.) Petitioner has provided evidence that he was paroled pursuant to 8 U.S.C. § 1182(d)(5) on December 14, 2022. (Doc. No. 1-6 at 46.) Petitioner was re-detained on July 26, 2026, when he appeared for a scheduled check-in with ICE. (Doc. No. 1 at ¶ 16.) On August 20, 2026, petitioner was provided a bond hearing and denied bond because

the immigration judge found that petitioner did not meet his burden "with regards to flight risk." (*Id.* at ¶ 18; Doc. No. 1-5 at 1–2.)

On September 23, 2026, the court set a briefing schedule as to petitioner's motion for temporary restraining order and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 4.) In that same order, the court directed that in the event respondents opposed the court ruling on the underlying petition based on the current briefing before it, respondents were to so indicate in the opposition and provide substantive reasons in support of that position. (*Id.*)

On September 25, 2026, respondents filed an answer to petitioner's *habeas* petition. (Doc. No. 9.) Therein, respondents do not object to the court ruling on the merits of the *habeas* petition. (*Id.*) Respondents concede that petitioner was previously released from immigration detention but argue that petitioner was lawfully detained pursuant to 8 U.S.C. § 1226(a) because he is alleged to have violated the terms of his release. (*Id.* at 3–4.) Respondents have provided evidence that petitioner was detained pursuant to an administrative warrant on July 26, 2026 (Doc. No. 9-3 at 1), and that a custody re-determination form was provided to petitioner on August 6, 2026 (Doc. No. 9-4 at 1). However, respondents have not provided any evidence to the court suggesting that petitioner was provided notice of any alleged violations of his release terms or other notice regarding the reason for his re-detention.

Petitioner's re-detention absent notice of the reason his parole was revoked or an opportunity to respond to such allegations is both a violation of respondents' own regulations and due process. *See Zavorin v. Wamsley*, No. 2:26-cv-00173-DGE, 2026 WL 309733, at *4 (W.D. Wash. Feb. 5, 2026) (finding that petitioner was entitled to certain procedural protections as described in 8 C.F.R. § 212.5(e)(2)(i) before his parole was revoked and that his detention without those protections being provided, absent some urgent need, violated due process); *Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, 1144–46 (D. Or. 2025) (describing the requisite procedures to revoke parole pursuant to 8 U.S.C. § 1182, including providing written notice of revocation to the petitioner); *Noori v. LaRose*, 807 F. Supp. 3d 1146, 1165 (S.D. Cal. 2025) ("Thus, Petitioner

was entitled to due process in his parole revocation. Particularly, he was entitled to both notification of revocation and the reasoning for revocation, if not also an opportunity to be heard and contest the determination.") Any subsequent bond hearing "does not sufficiently address the lawfulness of petitioner's re-detention in the first place." *Hernandez v. Lyons*, No. 2:25-cv-05376-FWS-AGR, 2025 WL 3191822, at *6 (C.D. Cal. June 18, 2025).

In light of petitioner's prior release from immigration detention on parole, petitioner was entitled to notice and pre-deprivation process prior to his re-detention. *See Rocha Chavarria v. Chestnut*, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025) (finding that the petitioner's prior release on parole by immigration authorities created a liberty interest in his continued release). Accordingly, pursuant to the court's reasoning in *Rocha Chavarria*, the court finds that petitioner is entitled to both his immediate release and an injunction that he may not be re-detained absent notice and a pre-detention hearing before an immigration judge.

For the reasons explained above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
    a. Respondents are ORDERED to immediately release petitioner Duc Tien Chu, A-File No. 246-305-810, from respondents' custody on the conditions, if any, he was subject to prior to his recent re-detention;
    b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing respondent will bear the burden to demonstrate that petitioner is a danger to the community or a flight risk by clear and convincing evidence;
2. Petitioner's motion for temporary restraining order (Doc. No. 7) is DENIED as having been rendered moot by this order granting *habeas* relief;
3. The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Facility; and

4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated: **September 28, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE